IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:13-CR-105-WKW |
| | ) | [WO] |
| BRADFORD LAMAR DALEY | ) | |

**ORDER**

Before the court is Defendant Bradford Lamar Daley's *pro se* motion for compassionate release (Doc. # 188) as supplemented (Docs. # 194–95), in which Mr. Daley seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Government filed a response in opposition.  (Doc. # 191.)  The motion is due to be denied.

Mr. Daley was convicted on his guilty plea to conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349, and to tax fraud, in violation of 26 U.S.C. § 7206(1).  (*See* Doc. # 128 (Judgment).)  As a result of his convictions, Mr. Daley was sentenced to 121 months' imprisonment on April 9, 2015.  (Doc. # 128.)  Mr. Daley's projected release date is November 2, 2023.  *See* https://www.bop.gov/inmateloc/ (last visited Dec. 30, 2020).

Based upon a thorough review of the record, Mr. Daley has not shown grounds for compassionate release.  First, as to Mr. Daley's request that the court order that the remainder of his sentence be served on home confinement (Doc. # 188, at 3), the

court is not authorized to direct the Bureau of Prisons ("BOP") to place Mr. Daley on home confinement. The BOP has the sole discretion to designate an inmate's place of confinement, which includes placement in home confinement. *See United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) ("[T]he court lacks authority under the CARES Act to order the Bureau of Prisons to place [the inmate] on home confinement."); *see* Coronavirus Aid, Relief, & Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020) ("CARES Act") (providing that if the Attorney General concludes "that emergency conditions will materially affect the functioning of the" BOP, the BOP's Director "may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate").

Second, Mr. Daley has not established "extraordinary and compelling reasons" warranting his early release from prison. 18 U.S.C. § 3582(c)(1)(A). Third, he has not demonstrated that the medical staff at his designated federal prison camp is unable to provide adequate medical care for his health conditions. *See* 18 U.S.C. § 3553(a)(2)(D); *see also United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is

unable to meet [the inmate's] medical needs" (citing § 3553(a)(2)(D))).  Fourth, the balancing of the § 3553(a) factors does not favor release.

Accordingly, it is ORDERED that Mr. Daley's motion for compassionate release (Doc. # 188) is DENIED.

DONE this 7th day of January, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE